**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DOUGLAS C. WAGER,

                              Plaintiff,         No. 1:15-CV-1487
        - v -                                    (LEK/CFH)

GREENE COUNTY,

                              Defendant.
_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

Appearances
Douglas C. Wager
Plaintiff <u>Pro</u> <u>Se</u>
12223 Rt. 9W
Coxsackie, New York 12192

## REPORT-RECOMMENDATION AND ORDER

Plaintiff pro se Douglas C. Wager commenced this action on December 16, 2015 by the filing of a complaint. Dkt. No. 1. Plaintiff has not paid a filing fee in this action, instead filing an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"). Dkt. No. 2. After a review of plaintiff's IFP application, the undersigned concludes that plaintiff may properly proceed without the prepayment of fees.

### I. **Initial Review**[1]

Section 1915(e) of Title 28 of the United States Code directs that, when a

---

[1] Any unpublished legal decisions cited in this Report-Recommendation and Order are attached hereto.

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. In reviewing the complaint at this stage, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Thus, a pro se plaintiff's pleadings must be read liberally and construed as to raise the strongest arguments that they suggest. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

2

A. **Facts**

Plaintiff brings this action against Greene County for discrimination in violation of the Americans with Disabilities Act ("ADA"). See Dkt. No. 1. Plaintiff alleges that he suffers a disability due to a work-related injury which renders him "70% disabled." Id. at 2. Plaintiff further alleges that Greene County "denied him participation in a public service or program" and "failed to make alterations to accommodate his disability." Id. at 3. Plaintiff alleges that, on October 23, 2015, he was denied access to a Greene County municipal building, located on Main Street in Catskill, New York, when he attempted to enter the building with his registered service dog, despite providing "appropriate documentation" for his dog. Id. at 4. On November 20, 2015, plaintiff returned to the municipal building for an appointment. Id. After presenting his "US Service Animal identification card and after a few minutes of being questioned and interrogated, the deputy made a call and [he] was granted access." Id. Plaintiff contends that, although access was granted, "[he] still had to go through the stressful situation that this has become." Id. Plaintiff returned to the same county building for an appointment on December 2, 2015 and was told by a "deputy" that he "hoped" that plaintiff had "better identification than last time" and that "he would not accept [plaintiff's] photo identification," then instructed plaintiff to wait outside for eight to ten minutes in the rain. Id. After this eight-to-ten-minute delay, a different deputy told plaintiff that he "'can come in this time, but you need better identification because we don't know what your disability is.'" Id.

Plaintiff returned to the municipal building on December 3, 2015 for an

appointment with Greg Seeley, sheriff of Greene County, to "get an official resolution to rightfully be granted access to the county building." Dkt. No. 1 at 5. During this meeting, plaintiff was "interrogated by the sheriff, his captain and an investigator." Id. These individuals "disrespect[ed plaintiff] and accused [him] of being a criminal." Id. Plaintiff contends that, "[e]ven though access was eventually granted, I believe that the entire situation was lawfully wrong and an act of complete discrimination of my rights as stated in the ADA . . . and a flagrant abuse of power." Id. Plaintiff demands "[a] monetary settlement of 1.2 million dollars." Dkt. No. 1 at 7.

B. **Review of Complaint**

Plaintiff does not specify the exact section of the ADA under which he intends to bring his complaint; however, as he contends that he was excluded from a county building, it is recommended that plaintiff's complaint be reviewed as if brought pursuant to Title II of the ADA, which applies to public entities. See 42 U.S.C. §§ 12131-12165.[2] As relevant here, Title II provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To allege a prima facie case of discrimination

---

[2] Plaintiff cannot bring his claim against Greene County under Title III of the ADA. Title III defines "public accommodations" as "any entity other than a public entity." 42 U.S.C. § 12181(6). A public entity is defined by the ADA as "any State or local government." Id. § 12131(1)(A). It is thus well-settled that Title III "expressly does not apply to public entities, including local governments." Falchenberg v. New York State Dept. of Educ., 642 F. Supp. 2d 156, 165-66 (2d Cir. 2008) (quoting Bloom v. Bexar Cnty., 130 F.3d 722, 726 (5th Cir. 1997)). Further, Title III does not allow for monetary damages. Stan v. Wal-mart Stores, Inc., 111 F. Supp. 2d 119, 125-25 (N.D.N.Y. 2000).

4

under Title II, plaintiff must plead (1) that he or she is a "qualified individual with a disability"; (2) that the defendants are subject to the relevant statute; and (3) that he or she was "denied the opportunity to participate in or benefit from the defendants' services, programs or activities, or was otherwise discriminated against by defendants, by reason of his or her disability." Powell v. Nat'l Bd. of Med. Examiners, 364 F.3d 79, 85 (2d Cir. 2004).

Further, in order to recover damages under Title II the ADA, the plaintiff must show that the discrimination was intentional. Frank v. Sachem Sch. Dist., 84 F. Supp. 3d 172, 187 (E.D.N.Y. 2015) ("[I]t is well settled that monetary damages are only available under Title II of the ADA where the [p]laintiff is able to demonstrate intentional discrimination) (citation omitted). To prove intentional discrimination under Title II, "a plaintiff must allege facts showing that a policymaker acted with ill will or personal animosity toward him because of his disability *or* that the policy maker acted with 'deliberate indifference' to his rights under the ADA." Id. at 187 (citation omitted)[3]; Garcia v. SUNY Health Sciences Center of Brooklyn, 280 F.3d 98, 115 (2d Cir. 2001). A plaintiff in a Title II ADA case can demonstrate deliberate indifference if he or she shows that an "official with authority to address the alleged discrimination and to institute corrective measures on Plaintiff's behalf had actual knowledge of ongoing discrimination against [the p]laintiff but failed to respond adequately." Gershanow v. County of Rockland, 11-CV-8174 (CS), 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20,

---

[3] Deliberate indifference does not *require* personal animosity or ill will. Gershanow, 2014 WL 1099821, at *4 (quoting Loeffler v. Staten Island Univ. Hosp., 582 F. 3d 268, 275 (S.D.N.Y. 2005)).

5

2014).

As for the first prong, plaintiff alleges that he underwent back surgery in 2005, following an accident, and that the accident and/or surgery has left him "70% disabled," with "chronic pain and mobility issues." Dkt. No. 1 at 2. A disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such an individual"; a "record of such impairment"; or (3) "being regarded as having such an impairment (as described [elsewhere in the statute])." 42 U.S.C. § 12102(1). Insofar as plaintiff contends that he has chronic pain and mobility issues, he at least arguably suggests a substantial limitation on his ability to ambulate, "a major life activity"; thus, plaintiff has plausibly pleaded enough, at this early stage, to suggest that he is a qualified individual with a disability.[4] Moreover, plaintiff sufficiently pleads the requirements of the second prong, as defendants, a county, are defined as a public entity under the statute. See 42 U.S.C. § 12131(1)(B) (providing that a public entity includes "any department, agency, special purpose district, or other instrumentality of a State of States or *local government*[.]")

The final prong, whether plaintiff was "denied the opportunity to participate in or benefit from the defendants' services, programs or activities, or was otherwise discriminated against by defendants, by reason of his or her disability" requires greater discussion. Powell, 364 F.3d at 85. Plaintiff's complaint suggests that, although he provided identification for his service dog, he was denied access to the county office

---

[4] The undersigned does not suggest that these allegations, without more, would suffice to survive a well-pleaded dispositive motion on this issue.

6

building on one occasion, October 23, 2015. Dkt. No. 1 at 4. He further alleges that he was questioned and denied immediate opportunity to access the building, even after presenting identification, on three additional occasions, but that he was ultimately granted access to the building. Id. Courts have held that a short delay in receiving services or an accommodation after requesting it does not amount to discrimination under Title II. See Alvarez v. New York City Health and Hosp. Corp., 99 Civ 3215 (RCC), 2002 WL 1585637, at *4 (S.D.N.Y. July 17, 2002) (holding that the plaintiff could not make a showing of discriminatory intent where there was a one-day delay in providing the plaintiff with a sign-language interpreter) (citing Freydel v. New York Hosp., 97 Civ. 7926 (SHS), 2000 WL 10264, at *1 (S.D.N.Y. Jan. 4, 2004), affd 242 F.3d 365 (2d Cir. 2000) (holding that the plaintiff could not demonstrate discriminatory intent where there was a four to five-day delay in providing the plaintiff with a sign language interpreter after his repeated requests) (additional citation omitted). It would appear to the undersigned that one-time denial of entry and three instances of a temporary delay in entry – for what appears to be a maximum of eight to ten minutes – would not amount to a "denial of services, programs or activities," Powell, 364 F.3d at 85, as defined by Title II, because plaintiff was able to enter the building on three out of the four occasions. However, it is unclear whether the access issue has been resolved, or if plaintiff continued to experience denial or delay of entry after presenting a proper identification for his service dog.

Plaintiff describes a meeting with Greene County Sheriff Greg Seeley "to get an official resolution to rightfully be granted access to the county building." Id. at 5.

7

Plaintiff provides that he was "eventually granted access," but expresses that he felt the "entire situation" was unlawful. Id. Although the language in plaintiff's complaint suggests some kind of resolution, it is unclear whether, in contending that he was "eventually granted access," plaintiff means that he came to an agreement with Sheriff Seeley or other county officials such that he no longer faces a denial or delay of entry when entering the county office building.

As noted, in order to receive monetary damages, plaintiff is required to plead that Greene County intentionally discriminated against him. Here, plaintiff has at least arguably suggests personal animosity on the part of defendant. Plaintiff contends that he "was interrogated by the sheriff, his captain and an investigator" who "disrespect[ed] me and accused me of being a criminal." Dkt No. 1 at 5. Although the undersigned does not conclude that such a claim, without more, is sufficient to withstand a properly pleaded dispositive motion, at this early stage, plaintiff has at least put defendant on notice for a claim that the discrimination was intentional.

Further, although plaintiff's complaint does not explicitly allege deliberate indifference, plaintiff does indicate that he had a meeting with Sheriff Seeley on December 16, 2015 to get an "official resolution to rightfully be granted access to the county building." Id. As discussed above, to demonstrate deliberate indifference, a plaintiff must plead that a person with authority was aware of the discrimination but failed to address and correct the discrimination adequately. See Gershanow, 2014 WL 1099821, at *4. Although the undersigned does not know whether Sheriff Seely is an official who has the authority to address the alleged discriminatory conduct or whether

8

Seeley or any other official was aware of the alleged discriminatory conduct when it occurred on October 23, November 20, and December 2, 2015, plaintiff's complaint at least hints that Seely was informed of the issue by December 3, 2015. Although the complaint may plausibly suggest *knowledge* by an official with authority, the complaint does not provide whether the access issue was resolved after the December 3 meeting. If the access issue was resolved, plaintiff cannot demonstrate deliberate indifference because he cannot show that defendant failed to adequately respond. Gershanow, 2014 WL 1099821, at *4.

As it is unclear whether the December 3, 2015 meeting with Sheriff Seeley settled the county building access issue, the undersigned also does not have sufficient factual information to review plaintiff's apparent reasonable accommodation claim. Dkt. No. 1 at 3. "To prevail on a reasonable accommodation claim, [a] plaintiff[] must first provide the governmental entity an opportunity to accommodate them through the entity's established procedures used to adjust the neutral policy in question." Williams v. New York City Housing Auth., 408 F. App'x 389, 391 (2d Cir 2010) (internal quotation marks and citation omitted). A reasonable accommodation is one that gives the disabled individual meaningful access to the program or services sought. See Henrietta v. Bloomberg, 331 F.3d 261, 282 (2d Cir.2003). As the undersigned does not know whether Greene County addressed plaintiff's concerns at or following the December 3 meeting, or if plaintiff followed the County's "established procedures" to have his entry issues addressed, the undersigned cannot discern whether the County denied plaintiff a reasonable accommodation. Williams, 408 F'App'x at 391.

9

Accordingly, it is recommended that plaintiff's complaint be read as if brought pursuant to Title II of the ADA, and that the complaint be dismissed, without prejudice, and with opportunity for plaintiff to amend his complaint to provide sufficient facts to demonstrate whether the access issue was addressed at the December 3, 2015 appointment and, if not, whether plaintiff followed the County's established procedures to request an accommodation regarding entry into the county building with his service dog.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application is **granted**[5]; and it is

**RECOMMENDED** that plaintiff's complaint be construed as if brought pursuant to Title II of the ADA, and such complaint be **dismissed without prejudice and with opportunity to amend**,[6] as set forth herein; and it is further

**RECOMMENDED** that, should the District Judge adopt this Report-

---

[5] Plaintiff is advised that, although his IFP application has been granted, he may still be required to pay any costs that may he may incur in this action, including copying fees.

[6] Plaintiff is further advised, that, should the District Judge adopt this Report-Recommendation and Order and should plaintiff amend his complaint, the amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994). Thus, if any amended complaint is filed in this action, the amended complaint must include all of the allegations the plaintiff tends to raise against the defendant such that the amended complaint may stand alone as the sole complaint in this action which the defendant must answer.

Recommendation and Order, plaintiff be given **thirty (30)** days from the date of the District Judge's decision and Order adopting this Report-Recommendation and Order to file an amended complaint addressing the deficiencies discussed herein; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: January 6, 2016
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge